(56 Misc. Rep. 653.)

GERACI v. ITALIAN ASS'N ST. BARTHOLOMEW EOLIANA OF MUTUAL AID OF NEW YORK.

(Supreme Court, Appellate Term.   December 12, 1907.)

1. BENEFICIAL ASSOCIATIONS—SICK BENEFITS—"DIARY" OF SICKNESS.

Under the by-laws of a society requiring it to pay a sick benefit of $1 per day to a sick member, and its physician to leave with the sick member what is termed a "diary," giving date of visits till there is a complete cure, on presentation of which diary it seems the society pays the sick benefits based on the length of illness shown therein, and also requiring a notice to the society's secretary of the beginning and end of the sickness, the member is not concluded by the diary, so as to prevent recovery of benefits till the time he is actually cured, where, to enable him to get the sick benefits then accrued, the physician gives him his diary, writing thereon "the member not yet recovered * * * requests that the diary be closed and that he be declared cured."

2. SAME—SERVICES OF PHYSICIAN.

A society, under the by-laws of which a member is to have the services of its physician during his sickness, is liable to him for the reasonable value of the services of a physician procured by him after notice to and failure of the society's physician to attend him when sick.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Domenico Geraci against the Italian Association St. Bartholomew Eoliana of Mutual Aid of New York. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Giuseppe L. Maggio, for appellant.
James E. Brande, for respondent.

PER CURIAM. This action was brought by the plaintiff against the defendant to recover the sum of $39, of which sum it was alleged that $25 thereof was for sick benefit, and $14 for money paid out for medical services. The pleadings were oral, the answer being a general denial. The trial began on August 8, 1906, and the hearing was adjourned, and it was not resumed again until January 23, 1907. At the close of the trial the court gave judgment for the defendant. Under one section of the defendant's by-laws it agrees to pay a sick benefit of $1 per day to a sick member, and he is also entitled to the medical attendance of the society's physician. It is undisputed that the plaintiff became ill on the 16th day of September, 1905, and that he was unable to perform labor as a carpenter, which was his trade, until October 16, 1905, a period of 28 days. For the first five days he was attended by a physician called by himself, and from September 21, 1905, until October 6, 1905, the defendant's physician attended him. Another section of the by-laws of the defendant requires the association's physician to leave with the sick member what is termed a "diary," giving the member's name, nature of the illness, date of each visit, etc., until there is a complete cure, also requiring a notice to be given to the corresponding secretary of the defendant of the commencement of the illness and its termination. It seems that upon presentation of this diary the association pays the sick benefits based upon the duration of the member's illness as shown therein. On October 6, 1905, the plaintiff, wishing to obtain from the defendant the sick benefits then accrued, asked the defendant's physician, then attending him, to declare him cured. The physician demurred to doing so, but finally gave the plaintiff his so-called "diary" at the end of which he said: "The member not yet recovered from the disease requests that the diary be closed and that he be declared cured, at his request, this 6th day of October, 1905. Dr. A. Cavallaro." It does not appear whether or not the diary was presented to the defendant until after the plaintiff was completely cured. On October 7th, however, the plaintiff again called upon the defendant's physician, and asked him to continue to treat him. This he refused to do, saying that the plaintiff's illness was but slight. Thereupon the plaintiff notified the defendant that its physician refused to attend him, asked that a physician should be sent to visit him, and warned the defendant that upon its failure to send a physician that he (plaintiff) would employ one at the expense of the association. Nothing came of this notice, and the plaintiff employed the physician first engaged by him, who visited the plaintiff seven times, for which he charged $14. The $1 per diem for 28 days' sick benefits, less $3, required by the laws of the defendant to remain with the society on deposit in aid of a certain fund, and the $14 before stated, making $39 in all, constituted the plaintiff's claim. The defendant did not seriously dispute the testimony on the part of the plaintiff. It admitted a liability for 16 days at $1 per day, less $3 as above stated, and paid into court the sum of $13, but claimed that the plaintiff was bound by the report of the society's physician in the

so-called diary and could not collect for illness after October 6th. We cannot adopt this view. The society's physician in his certificate of October 6th expressly declares that the plaintiff was not cured, and on October 7th he admitted that the plaintiff had a "slight illness." It was shown without contradiction by the plaintiff's physician that the plaintiff was wholly unable to perform labor from October 6th to October 16th, inclusive, so that the claim for 28 days' illness is established. We are also of the opinion that a fair construction of the by-laws of the defendant would render it liable to one of its sick members, to whom the services of the society's physician had been refused, for the reasonable value of the services of a physician procured by the member after notice to and failure of the society's physician to attend such a sick member.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.